IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-2688-WYD-PAC

SMARTSTOP, INC.,

     Plaintiff(s),

v.

AT&T CORPORATION; and
AT&T COMMUNICATIONS, INC.,

     Defendant(s).

---

## ORDER

---

1.   <u>INTRODUCTION</u>

     THIS MATTER is before the Court on a hearing on Defendant AT&T's Motion to

Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), filed May 12, 2005, and

Plaintiff SmartStop, Inc.'s Motion for Partial Summary Judgment Regarding Statute of

Limitations pursuant to FED. R. CIV. P. 56, filed April 11, 2005.  A hearing was held on

the Motions on June 29, 2005.  For the reasons stated on record in the hearing and in

this Order, Defendant AT&T's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1)

and 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**.  SmartStop's Motion for

Partial Summary Judgment Regarding Statute of Limitations pursuant to FED. R. CIV. P.

56 is **DENIED**.

II.   <u>BACKGROUND</u>

     Plaintiff, SmartStop, Inc., is a payphone service provider ("PSP") that owns and

operates public payphones found at truck stops and various other locations across the

country.  Defendant, AT&T, is a telecommunications company, or "interexchange carrier" ("IXC"), that provides long-distance telephone service over its communications network.  SmartStop asserts that pursuant to federal law and the parties' Contract, AT&T has not properly compensated it for certain types of calls made from SmartStop's payphones and routed over the AT&T network.  SmartStop brings claims for (1) breach of contract; (2) violation of 47 U.S.C. § 276 of the Federal Telecommunications Act of 1996 ("Communications Act"), and regulations and orders of the FCC; (3) violation of 47 U.S.C. § 201; (4) violation of 47 U.S.C. § 416(c); and (5) unjust enrichment.  SmartStop alleges subject matter jurisdiction over these claims pursuant to both 28 U.S.C. §§ 1331 and 1367, and 28 U.S.C. § 1332.

III.     ANALYSIS OF PENDING MOTIONS

      A.     AT&T's Motion to Dismiss

AT&T's Motion to Dismiss raises three issues: (1) whether SmartStop's claims under the Communications Act must be dismissed for lack of subject matter jurisdiction because Congress did not create a private right of action for PSP's to enforce payphone compensation rules under the Communications Act; (2) whether SmartStop's claims are barred, in part, by the statute of limitations; and (3) whether SmartStop's claim for unjust enrichment should be dismissed because there is a valid contract between the parties governing compensation.

      1.     Communications Act Claims under 47 U.S.C. §§ 276, 201, 416(c)

In light of the reasoning set forth in the recent decision from the United States Court of Appeals for the District of Columbia Circuit in *APCC Servs., Inc. v. Sprint*

*Communications Co.*, ___ F.3d ___, 2005 D.C. Cir. WL 1512837 (D.C. Cir. June 28,

2005), as well as the Ninth Circuit decision in *Greene, et al. v. Sprint Communications.*

*Co.*, 340 F.3d 1047 (9th Cir. 2003), I find that there is no private right of action for a

PSP to enforce the payphone compensation rules required by regulations of the FCC.

Therefore, AT&T's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) for lack of

subject matter jurisdiction is **GRANTED**, and SmartStop's Second, Third, and Fourth

claims for relief pursuant to 47 U.S.C. §§ 276, 201, and 416(c) are hereby dismissed.

Accordingly, AT&T's Motion to Dismiss these claims based on statute of limitations is

**DENIED AS MOOT**.

        2.   <u>Breach of Contract</u>

I next turn to AT&T's Motion to Dismiss SmartStop's First Claim for Relief for

Breach of Contract based on statute of limitations pursuant to FED. R. CIV. P. 12(b)(6).

For purposes of deciding issues raised on a Motion to Dismiss pursuant to FED. R. CIV.

P. 12(b)(6), the court "'must accept all the well-pleaded allegations of the complaint as

true and construe them in the light most favorable to the plaintiff.'" *David v. City and*

*County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858

(1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)).  "A

complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can

prove no set of facts to support a claim for relief.'"  *Id.* (quoting *Jojola v. Chavez*, 54

F.3d 488, 490 (10th Cir. 1995)).

The parties agree that New York law governs the Contract, and that the

applicable statute of limitations is six years from the date the claim accrued.  N.Y.

C.P.L.R. 213(2) (McKinney 2004).  According to the Complaint, the calls at issue in this case were made at various times between November 7, 1996 and June 30, 2004. AT&T maintains that any cause of action for breach of contract accrued on the date SmartStop received payment from AT&T that did not contain the correct amount of compensation, and that any of SmartStop's breach of contract claims based on payments received more than six-years prior to the filing of the Complaint are time-barred and should be dismissed.  I find that SmartStop has properly alleged a claim for breach of contract.  Construing the allegations in the Complaint in the light most favorable to SmartStop I cannot find, as a matter of law, that SmartStop could prove no set of facts to support this claim for relief.  Accordingly, AT&T's Motion to Dismiss SmartStop's First Claim for Relief for Breach of Contract is **DENIED**.

> 3.   Unjust Enrichment Claim

I next turn to AT&T's Motion to Dismiss SmartStop's Fifth Claim for Relief for Unjust Enrichment.  AT&T asserts that because there is a valid contract between the parties governing compensation, SmartStop is precluded from bringing a claim for unjust enrichment, and that the unjust enrichment claim should be dismissed to the extent that the telephone calls for which SmartStop seeks compensation are compensable under the contract.  In response, SmartStop contends that its unjust enrichment claim is simply an alternative to its breach of contract claim, and that it would be premature to dismiss the claim at this time.  SmartStop asserts that the parties' contract was in effect from late 1997 through 2001, and that the calls at issue in this case were made at various times between November 7, 1996 and June 30, 2004.

Accepting these allegations as true, and construing them in the light most favorable to

SmartStop, a portion of the calls for which SmartStop seeks compensation took place

outside the effective dates of the Contract, and SmartStop may be entitled to seek

compensation for those calls under an alternative theory of unjust enrichment.

Therefore, AT&T's Motion to Dismiss SmartStop's Fifth Claim for Relief for Unjust

Enrichment is **DENIED**.

      B.    <u>SmartStop's Motion for Partial Summary Judgment Regarding Statute of Limitations</u>

SmartStop filed its Motion for Partial Summary Judgment Regarding Statute of

Limitations at the same time it filed its Response to AT&T's Motion to Dismiss.  In the

Motion, SmartStop asserts that all of its claims are timely.  Given my decision to grant

AT&T's Motion to Dismiss SmartStop's claims under the Communications Act,

SmartStop's Motion for Partial Summary Judgment Regarding Statute of Limitations

with respect to these claims is **DENIED AS MOOT**.

I now turn to SmartStop's Motion as it applies to its claim for breach of contract.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant

summary judgment where "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the ... moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220

F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view

the evidence and draw all reasonable inferences therefrom in the light most favorable to

the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190.  "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*  "The burden of showing that no genuine issue of material fact exists is borne by the moving party."  *Horizon/CMS Healthcare*, 220 F.3d at 1190.

As discussed above, the parties agree that New York law governs the contract, and that the applicable statute of limitations is six years from the date the claim accrued.  SmartStop maintains that its contract claim is timely because, based on "AT&T's repeated retroactive adjustments to its statements," SmartStop "could not reasonably discover AT&T's breach for several years after the call."  AT &T contends that any cause of action for breach of contract accrued on the date SmartStop received quarterly statements from AT&T.  I find that there are material facts in dispute as to when SmartStop's claim for breach of contract accrued that preclude entry of summary judgment in SmartStop's favor.  Accordingly, SmartStop's Motion for Partial Summary Judgment Regarding Statute of Limitations as to its Fifth Claim for Relief for Breach of Contract is **DENIED.**

IV.    CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P 12(b)(1) Plaintiff's Second, Third and Fourth Claims for Relief under 47 U.S.C. §§ 276, 201, and 416(c) for lack of subject matter jurisdiction is **GRANTED**.  Defendant's Motion to Dismiss pursuant to FED. R. CIV. P 12(b)(6) Plaintiff's Second, Third and Fourth Claims for Relief under 47 U.S.C. §§ 276, 201, and 416(c) based on statute of limitations is **DENIED AS MOOT**, it is

FURTHER ORDERED that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P 12(b)(6) Plaintiff's First Claim for Relief for Breach of Contract based on statute of limitations is **DENIED**, it is

FURTHER ORDERED that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P 12(b)(6) Plaintiff's Fifth Claim for Relief for Unjust Enrichment is **DENIED**, it is

FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment Regarding Statute of Limitations as to its Second, Third and Fourth Claims for Relief under 47 U.S.C. §§ 276, 201, and 416(c) is **DENIED AS MOOT**, it is

FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment Regarding Statute of Limitations as to its First Claim for Relief for Breach of Contract is **DENIED**.

Dated: July 1, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge


-7-