IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02688-WYD-PAC

SMARTSTOP, Inc.

    Plaintiff,

v.

AT&T CORP. and
AT&T COMMUNICATIONS, INC.

    Defendants.

**ORDER GRANTING PLAINTIFF'S RENEWED UNOPPOSED
MOTION TO AMEND SCHEDULING ORDER AND
FIRST AMENDED SCHEDULING ORDER**

Upon review of the motion and the file, it is hereby **ORDERED** that Plaintiff's Renewed Unopposed Motion to Amend Scheduling Order, filed November 7, 2005, Doc. # 74 is **granted**. The Scheduling Order is amended as follows:

**FIRST AMENDED SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The first Scheduling/Planning Conference was held on Monday, April 11, 2005, at 10:00 a.m. in Courtroom A501 of the United States Courthouse, Denver, Colorado.

 Appearing for the parties were:

 For the Plaintiffs:  Brooks E. Harlow Christine Masse Miller Nash LLP 4400 Two Union Square 601 Union Street Seattle, WA 98101 Tel: 206-622-8484 Fax: 206-622-7485
Craig Joyce Fairfield & Woods, P.C. Wells Fargo Center, Suite 2400 1700 Lincoln Street Denver, CO 80203 Tel: 303-830-2400 Fax: 303-830-1033

 For the Defendants:  Jane Michaels Conor F. Farley Holland & Hart LLP 555 Seventeenth Street Suite 3200 Denver, CO 80202 Tel: 303-295-8000 Fax: 303-295-8261

Judith A. Archer Fulbright & Jaworski, LLP 666 Fifth Avenue, 31st Floor New York, NY  10103 Tel: 212-318-3342 Fax: 212-318-3400

## 2. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:  Plaintiff is a payphone service provider, or "PSP," as defined in the Federal Communications Act, and owns payphones located in truck stops nationwide, including in the state of Colorado.  Defendants provide telecommunications services to the public over their network, including carrying long-distance calls originating from Plaintiff's payphones.

Under the Communications Act and FCC regulations and orders, as well as contracts between Defendants and Plaintiff, Defendants were required to compensate Plaintiff for calls made from Plaintiff's payphones and routed over Defendants' network at various times from 1997 to 2004.  Plaintiff asserts that Defendants have failed to provide Plaintiff a full and accurate accounting of all such calls and have failed to pay Plaintiff the full payphone compensation due under federal law and the contracts, despite Plaintiff's demands.  Accordingly, Plaintiff seeks an accounting of the amounts of payphone compensation owed by Defendants for all compensable calls, plus interest, costs, and attorney fees as provided by law.

b.  Defendants:  Defendants AT&T Corp. and AT&T Communications, Inc. (collectively "Defendants" or "AT&T") deny each and every substantive allegation made by Plaintiff in its Complaint. On March 7, 2005, AT&T moved to dismiss Plaintiff's Second, Third and Fourth Causes of Action, under the Federal Communications Act, on the grounds that the sections of the Act on which

plaintiff relies provide no express or implied private right of action for payphone owners such as SmartStop to pursue the relief sought, and imposes no obligations on AT&T or any other private party. AT&T further moved to dismiss Plaintiff's Second, Third and Fourth Causes of Action to the extent they are based on claims outside the applicable limitations periods. AT&T also moved to dismiss Plaintiff's Fifth Cause of Action for unjust enrichment as duplicative of Plaintiff's First Cause of Action for breach of contract. To the extent Plaintiff's Fifth Cause of Action for breach of contract seeks damages for claims that arose more than six years before the complaint was filed, AT&T moved to dismiss such claims as time-barred.

SmartStop filed a motion for Partial Summary Judgment at the same time that it filed its Response to AT&T's Motion to Dismiss. Smart Stop's motion asked the Court to find all of its claims timely.

The Court heard oral argument on these motions on June 29, 2005. The Court's ruling from the bench was memorialized in a decision dated July 1, 2005. The Court granted AT&T's motion to dismiss all of SmartStop's Communications Act claims on the grounds that there was no private right of action under the Communications Act for a payphone service provider to enforce the payphone compensation rules. The Court denied the remainder of AT&T's Motion to Dismiss as to the breach of contract and unjust enrichment claims and denied SmartStop's Motion for Summary Judgment in its entirety. Therefore, only SmartStop's breach of contract and unjust enrichment claims remain in the case.

AT&T has answered as to the First and Fifth Causes of Action. AT&T has

asserted the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) statutes of limitations; (3) accord and satisfaction; (4) release; (5) waiver; (6) estoppel; (7) laches; (8) the express terms of the contract between the parties bar the cause of action; (9) to the extent Plaintiff alleges claims outside the terms of the parties' contract, such claims are barred, in whole or in part, by the terms of the contract, the parol evidence rule and/or the Statute of Frauds; (10) Plaintiff's failure to object to statements furnished and payments made to Plaintiff by Defendants render those statements and payments final and binding on Plaintiff and Plaintiff's First Cause of Action is barred by account stated with respect to the periods for which statements or payments were rendered; and (11) the fact that the unjust enrichment claim is duplicative of the breach of contract claim.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is an Oregon corporation with its principal place of business in Portland, Oregon.

2. Defendant AT&T Corp. is a New York Corporation with its principal place of business in Bedminster, New Jersey.

3. Defendant AT&T Communications, Inc. is a Delaware Corporation.

4. Plaintiff is a payphone service provider ("PSP") and operates payphones.

5. Defendant AT&T Corp. is a common carrier and is

subject to FCC regulation.

### 4. COMPUTATION OF DAMAGES

Plaintiff claims damages for Defendants' alleged failure to pay payphone compensation between 1997 and 2004. Plaintiff asserts it is also entitled to its reasonable attorney fees and costs incurred in bringing this claim.

Defendants deny that Plaintiff is entitled to recover any damages in this action or otherwise from Defendants. Defendants have not asserted counterclaims against Plaintiff, but may attempt to seek their reasonable attorney fees and costs incurred in defending Plaintiff's claims.

### 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. A Rule 26(f) meeting was conducted by telephone on March 24, 2005.

b. The participants were Mr. Harlow and Ms. Masse for Plaintiff and Ms. Michaels and Ms. Archer for Defendants.

c. The parties are not proposing any changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d. The parties exchanged initial disclosures by April 7, 2005.

### 6. CONSENT

The parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

### 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of the Pleadings: May 26, 2005

b. Fact Discovery Cut-off: **March 3, 2006**

c. Expert Discovery Cut-off: **May 1, 2006**

d. Deadline for Filing Dispositive Motions: **May 12, 2006**

e. Expert Witness Disclosure:

(1) Plaintiff currently expects to call experts in the fields of accounting and payphones related to answer supervision and call completion.

Defendants currently expect to call experts in the fields of accounting and various technical and regulatory issues relating to payphones and payphone calls.

(2) Each party shall be limited to three expert witnesses. The parties anticipate that they may call party witnesses from whom they may seek to offer expert testimony, but in that event the parties agree that they will comply with Fed. R. Civ. P. 26(a)(2).

(3) Plaintiff shall designate its experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 3, 2006.**

(4) Defendants shall designate their experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 3, 2006.**

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

f. Deposition Schedule:

The parties previously filed a schedule with dates on June 1, 2005. Those dates will be revised to comport with the new schedule. The parties reserve the right to depose those witnesses disclosed or identified during the course of discovery, as well as each other's expert witnesses.

**A revised schedule with dates is to be filed by February 1, 2006.**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Fed. R. Civ. P. 30(b)(6) - Plaintiff | TBD | TBD | hours per deponent |
| Fed. R. Civ. P. 30(b)(6) - Defendants | TBD | TBD | hours per deponent |
| Local Exchange Carriers | TBD | TBD | hours per deponent |

g. Interrogatory Schedule:

The parties shall serve all interrogatories at least forty-five (45) days prior the discovery cutoff deadline.

h. Schedule for Request for Production of Documents:

The parties shall serve all interrogatories at least forty-five (45) days prior the discovery cutoff deadline.

i. Discovery Limitations:

(1) Each party is limited to ten depositions, except experts.

(2) Each deposition is limited to one day of seven hours.

(3) Each party is limited to 30 interrogatories.

(4) Each party is limited to 30 requests for production.

(5) There are no other proposed orders concerning scheduling or discovery.

7

## 8.  SETTLEMENT

The Court conducted a settlement conference on October 18, 2005.

## 9.  OTHER SCHEDULING ISSUES

  a. The parties have reached agreement regarding all discovery and scheduling issues.

  b. The parties anticipate a five day non-jury trial.

## 10.  DATES FOR FURTHER CONFERENCES

  a. On or before **February 1, 2006**, Counsel shall conference call the Court at 303-844-4892 for another settlement conference date.

  b. The **final pretrial conference** currently set for March 20, 2006 is **vacated and reset** to **June 16, 2006 at 10:00 a.m.** in Courtroom A-501.  The proposed final pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with

D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED this 8th day of November 2005.

BY THE COURT:
s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

APPROVED:

| s/Brooks Harlow | s/Jane Michaels |
|---|---|
| Brooks E. Harlow Christine Masse Miller Nash LLP 4400 Two Union Square 601 Union Street Seattle, WA  98101 Tel: 206-622-8484 Fax: 206-622-7485 | Jane Michaels Conor F. Farley Holland & Hart LLP 555 Seventeenth Street Suite 3200 Denver, CO 80202 Tel: 303-295-8000 Fax: 303-295-8261 |